**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**EDMUND BROWN, JR.**                                               **PETITIONER**

**V.**                                               **NO. 4:17-CV-4-DMB-RP**

**SUPERINTENDENT LEE, and
ATTORNEY GENERAL OF THE STATE
OF MISSISSIPPI**                                        **RESPONDENTS**

**ORDER**

Edmund Brown, Jr.'s petition for a writ of habeas corpus is before the Court on the Report and Recommendation of United States Magistrate Judge Roy Percy. Doc. #24.

**I
Relevant Procedural History**

On or about January 11, 2017, Brown filed a petition for a writ of habeas corpus challenging his 2012[1] conviction by jury for aggravated assault. Doc. #1. Brown's petition asserts twelve grounds for relief: (1) "improper indictment in violation of the 5th Amendment of the United States Constitution," *id.* at PageID #5; (2) the "trial court proceeded on a defect[ive] indictment by amending without presenting the defect back before the grand jury," *id.* at PageID #6; (3) double jeopardy, *id.* at PageID #7; (4) unreasonable search and seizure, *id.* at PageID #8; (5) violation of the Confrontation Clause, *id.* at PageID #9; (6) "the trial court erred in allowing a substan[tive] amendment to [his] indictment, in [sic] which was to include or inter-line the word 'serious' as a modifier of bodily injury to charge aggravated assault," Doc. #3 at PageID #29; (7) the charge of aggravated assault was defective as it failed to charge an essential element of the

---

[1] Brown asserts that he was convicted on November 9, 2012. Doc. #1 at PageID #1. However, the state court's docket sheet reflects that the jury verdict was dated November 27, 2012. Doc. #19-1 at PageID #175.

crime, *id.* at PageID #39; (8) violation of his rights to due process and equal protection, guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution as well as Article III, sections 14, 26, and 27 of the Mississippi Constitution, *id.* at PageID #46; (9) ineffective assistance of counsel, *id.* at PageID #52; (10) his sentence "is illegal and it arose out of the purpose of the indictment generally and the State's failure in it's [sic] burden of proof as well as his conviction being that it's unconstitutional," *id.* at PageID #54; (11) his motion is not procedurally barred, *id.* at PageID #56; (12) and violation of due process for having to defend an "unconstitutional amendment" of his indictment, *id.* at PageID #57. The State filed its response to the petition on September 12, 2018, after receiving an extension from the Court. Doc. #18; *see* Doc. #30.

On December 11, 2018, Judge Percy issued a Report and Recommendation ("R&R") recommending that Brown's petition be dismissed.[2] Doc. #24. Judge Percy concluded that Grounds One, Two, Four, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve were procedurally defaulted because the Mississippi Supreme Court rejected them on procedural grounds. *Id.* at 9–13. Judge Percy further concluded that Grounds Three and Five had been decided by the state court on the merits and did not warrant exception under § 2254(d) of the Antiterrorism and Effective Death Penalty Act. *Id.* at 13–18.

On or about December 21, 2018, Brown filed objections to the R&R. Doc. #27. One week later, the respondents filed a response to Brown's objections. Doc. #28.

## II
## Standard

Under 28 U.S.C § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination

---

[2] The R&R also recommended the denial of Brown's motion for default judgment filed on or about September 24, 2018. Doc. #24 at 1. Because this Court denied Brown's motion for default judgment on March 25, 2019, *see* Doc. #30, the R&R is moot in that respect.

of those portions of the report … to which objection is made." "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

## III
## Analysis

Brown objects to the R&R's factual findings and conclusions of law, asserting that he is actually innocent of his conviction for aggravated assault. Doc. #27. In his petition and supporting brief, Brown bases this assertion on the grounds that he was acquitted of the charge of murder but convicted on the charge of aggravated assault. Brown also argues that "the proof of his innocence is in the pudding of the well established clear evidence and testimony used at trial." *Id.* at PageID #1523. Brown requests a "re-examination of DNA forensics; and the newly discovered [evidence] to prove he is 'actually innocent.'" *Id.* at PageID #1525. He further mentions "newly discovered physical evidence," which he expects to be recovered "by review and testing." *Id.*

### A. New Evidence

The United States Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass … a procedural bar." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To state a valid claim of actual innocence, a petitioner bears the burden of persuasion to show that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.*

As the respondents argue in response to Brown's objections, even taking his objections at face value, Brown has not established that he is actually innocent of aggravated assault. He has not identified any newly discovered clear and convincing evidence – that was not available at trial – to show that, more likely than not, no reasonable juror would have convicted him in light of that

3

evidence. Instead, he requests that the trial evidence be re-examined in an attempt to uncover proof to exonerate him. Re-examination of previously available trial evidence does not meet the standard of proof for a claim of actual innocence. *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018). Accordingly, Brown's objection based on his actual innocence is overruled.

### B. Murder Acquittal

To the extent Brown argues that, as a matter of logic, he could not have been convicted for aggravated assault because he was acquitted of murder arising out of the same event, he is simply incorrect. A conviction for murder requires, among other things, proof beyond a reasonable doubt that the defendant caused the death of another person. Miss. Code Ann. § 97-3-19. Mississippi's aggravated assault statute provides that, "[a] person is guilty of aggravated assault if he … attempts to cause … bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm." *Id.* at § 97-3-7(2)(a). Clearly, murder requires an element that aggravated assault does not – the taking of a human life. Thus, it is possible to commit the crime of aggravated assault, but not the crime of murder, in the same incident.

Indeed, as the Mississippi Court of Appeals held, the evidence supporting Brown's conviction for aggravated assault was sufficient to support the verdict. *Brown v. State*, 157 So. 3d 836, 839 (Miss. Ct. App. 2014). Multiple witnesses at trial testified that "as [the victim] was driving away, multiple shots were fired at the car in an apparent attempt to stop the driver from leaving the parking lot." *Id.* at 838. In addition, a police officer testified that "there were bullet holes in the car's bumper and in the driver's side door, and two spent projectiles were recovered from the trunk and by the driver's side door of the car." *Id.* Further, eyewitnesses "identified [the victim] as the driver of the car and testified that Brown was beside the car with a gun right before the shooting occurred." *Id.* Finally, investigators found gunshot residue on Brown's hands,

4

indicating that he had been in contact with a recently discharged firearm (or in extremely close proximity to one when it was fired). *Id.* A juror could reasonably conclude that Brown attempted to cause bodily injury to the victim with a deadly weapon – which fulfils the elements of aggravated assault under Mississippi law. Accordingly, this objection by Brown is also overruled.

## IV
## Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

## V
## Conclusion

The Report and Recommendation [24] is **ADOPTED**. Brown's petition for a writ of habeas corpus is **DENIED**. This case is **CLOSED**.

**SO ORDERED**, this 29th day of May, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

5